IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON, DIVISION

| | | |
|---|---|---|
| Douglas O'Neill | § | |
| | § | C.A. NO. G-05-425 |
| VS. | § | |
| | § | |
| | § | |
| SeaRiver Maritime, Inc. and | § | |
| S/R MEDITTERREAN | § | RULE 9(h) ADMIRALTY |
| | § | |

# Plaintiff's Original Complaint

Douglas O'Neill brings this action complaining of SeaRiver Maritime, Inc. and the S/R MEDITTERREAN (collectively as "SeaRiver") would respectfully show the Court that:

## I.
## Jurisdiction

1. This action is within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9(h).

2. This claim is maintained under the Jones Act.

3. Venue is proper in this District because Defendants have their principal places of business in this District and do a substantial amount of their business in this District.

## II.
## Parties

4. Plaintiff is an American citizen. As an American seaman, Plaintiff brings this action pursuant to Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security.

5. Defendant SeaRiver Maritime, Inc. is a Delaware corporation with its principal place of business and a substantial amount of its business in the Southern District of Texas, and

may be served with process by serving its registered agent for service, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

6. Defendant S/R MEDITTERREAN is a vessel that is within the District or will be during the pendency of this lawsuit. Plaintiff requests that service of process on S/R MEDITTERREAN be held in abeyance pursuant to Supplemental Federal Rule for Certain Admiralty & Maritime Claims E(3)(c).

### III.
### Nature of the Action

7. This lawsuit is necessary as a result of multiple and separate injuries that Plaintiff received at the end of January 2005. On these dates, Plaintiff was employed by SeaRiver and was aiding the S/R MEDITERREAN (formerly the VALDEZ) in its operations.

8. Plaintiff was instructed to perform tank gauging tasks, which he did. What he wasn't told was that excessive and high levels of Hydrogen Sulfide permeated his work area. Plaintiff worked in levels of Hydrogen Sulfide potentially approaching 500ppm. And, Defendants did not provide Plaintiff with any safety equipment.

9. Later, Plaintiff again had to go down into the area where he suffered additional exposure to Hydrogen Sulfide gas.

10. As a result, Plaintiff was exposed to excessive and dangerous levels of Hydrogen Sulfide resulting in permanent brain damage and numerous other ailments.

11. Defendants were negligent and responsible for:

    a. failing to properly supervise their crew;

    b. failing to properly train their employees;

    c. failing to provide adequate safety equipment;

    d.    failing to maintain a safe premises;

    e.    failing to provide adequate and immediate medical attention;

    f.    requiring and allowing Plaintiff to work in such a dangerous environment;

    g.    failing to store, handle, or transport Hydrogen Sulfide in a reasonably proper manner;

    h.    maintaining defective and/or inadequate facilities containing Hydrogen Sulfide;

    i.    failing to properly monitor or measure Hydrogen Sulfide levels at their facilities;

    j.    failing to properly monitor or test persons for exposure to Hydrogen Sulfide;

    k.    failing to warn Plaintiff of the extreme hazards associated with exposure to Hydrogen Sulfide;

    l.    violating OSHA, MMS, and/or other State or Federal regulations applicable to Hydrogen Sulfide;

    m.    concealing the nature and extent of the hazards faced by Plaintiff from exposure to Hydrogen Sulfide;

    n.    their employees' negligence; and

    o.    other acts so deemed negligent.

12.    On or about those dates, the S/R MEDITTERREAN was unseaworthy.

13.    As a result of these occurrences, Plaintiff sustained severe and permanent brain damage, damage to their lungs, sight, senses, heart, and other parts of their bodies. These occurrences and injuries occurred as a proximate result of the Defendants' gross negligence, in whole

or in part, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, their agents, servants and/or employees acting in the course and scope of their employment and agency.

14. As a result of these occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff will show that he have sustained severe pain, physical impairment, discomfort, mental anguish, and distress, and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely.

15. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff incurred and will continue to incur pharmaceutical and medical expenses in connection with their injuries.

16. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

## IV.
## Prayer

Plaintiff prays that this citation issue and be served upon Defendants requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other relief, to which they may show himself entitled.

Respectfully submitted,

ARNOLD & ITKIN LLP


*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold
State Bar No. 24036150
Southern District of Texas No. 36185
909 Fannin Street, Suite 3838
Houston, Texas 77010
Telephone: (713) 654-0063
Facsimile: (713) 658-0674

**Attorney-in-Charge for Plaintiff**s

**OF COUNSEL:**

Jason A. Itkin
State Bar No. 24032461
Southern District of Texas No. 33053
ARNOLD & ITKIN LLP
909 Fannin Street, Suite 3838
Houston, Texas 77010
Telephone: (713) 654-0063
Facsimile: (713) 658-0674