**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DOUGLAS O'NEILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-425 |
| | § | |
| SEARIVER MARITIME, INC., and | § | |
| S/R MEDITERRANEAN, | § | |
| | § | |
| Defendants. | § | RULE 9(h) ADMIRALTY |

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL AND FOR**
**MODIFICATION OF JUDGMENT**

On June 12 and 13, 2006, this Court conducted a bench trial in the above-styled case. On

November 29, 2006, the Court issued its Findings of Fact and Conclusions of Law and Final

Judgment. SeaRiver Maritime, Inc. ("SeaRiver") filed a Motion for a New Trial on December 7,

2006, but the Motion was stricken because it was not in compliance with Local Rule 7. SeaRiver

filed a Motion for Reconsideration of the Order striking its Motion for a New Trial three days later,

and it renewed its Motion for a New Trial on December 18, 2006. SeaRiver next filed a Notice of

Appeal on December 28, 2006. The appropriate documentation and Notice of the Appeal were sent

to the Fifth Circuit on January 5, 2007. SeaRiver then filed an Opposed Motion for Relief from

Clerical Mistake on January 7, 2007, requesting that the Court strike a Notice of Non-Compliance

regarding their transcript order form from the Record. For the reasons stated below, all of

Defendant's Motions are **DENIED**.[1]

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not
requested and does not authorize publication.

1

## II. Analysis

### A. Motion for Relief from Clerical Mistake

SeaRiver requests that the Notice of Non-Compliance that was issued on February 6, 2007, be stricken. The Notice simply notes that the "appellant/appellant's counsel has failed to: return the transcript order forms to Court Reporting Services."[2] When counsel requests a copy of a transcript, he or she is required to file a transcript order form with the Clerk's Office. *See* Fed. R. App. P. 10 (b)(1)(A)(iii); United States District & Bankruptcy Courts, Southern District of Texas, Distribution of Transcript Order Forms, http://www.txs.uscourts.gov/transcripts/transordf.htm; *see also* Appeal Transcript Order Form, DKT 13. In the instant case, the Southern District of Texas, Galveston Division, Clerk's Office did not receive a copy of the form. SeaRiver notes that the green cards accompanying the transcript order forms were signed as delivered by Ms. Jeanette Byers and Ms. Maria Saldivar. Ms. Jeanette Byers is the Court Reporter who transcribed the proceedings, and she acknowledges that she received the copy sent to her. However, the Clerk's Office never received the copy that was allegedly sent to it. Ms. Maria Saldivar is not an employee of the Clerk's Office, so it is unclear who she is, where she was located when she signed the green card, or why she signed it. Hence, the Notice that the Clerk's Office sent indicating that it had not received the required forms was not a clerical error—at least not on the part of the Galveston Division Clerk's Office.[3] Thus, SeaRiver's Opposed Motion for Relief from Clerical Mistake is **DENIED**.

---

[2]Counsel correctly points out that the Notice refers to "Court Reporting Services," and that the Court Reporter actually received a form. However, the Clerk's Office did not receive a form. The Notice counsel received is a standard form and is used if the Clerk's Office does not receive a copy of the transcript order form.

[3]The Court acknowledges that it is possible that counsel sent the form to the correct address and it did not, for some unexplained reason, reach its destination.

*B. Motion for Reconsideration*

SeaRiver's original Motion for a New Trial was filed within ten days of judgement, as is required by Federal Rule of Civil Procedure 59. *See* Fed. R. Civ. P. 59(b).  However, the Court issued an Order Striking the Pleading because the Motion for a New Trial contained no statement of opposition or non-opposition and no statement regarding conference with opposing counsel.  Local Rule 7.2 requires motions to contain a statement of opposition or non-opposition, and Local Rule 7.1D requires that a certificate of conference be attached to the pleading.

SeaRiver filed a Motion for Reconsideration of the Order Striking its Motion for a New Trial, in which it argued that Local Rule 7 only applies to pretrial motions, not post-trial motions.  While SeaRiver is correct according to the plain language of the title of the rule, the Court urges SeaRiver and all litigants in this Court to file *all motions* according to the formatting requirements of Local Rule 7.  The Local Rules do not contain any other guidelines for the format of motions, and certain requirements of Rule 7, such as indicating whether or not the Motion is opposed, are essential for the efficient processing of motions.  If a motion is agreed, then the Court does not need to wait until an opposing Party responds before rendering its decision.

The Court does not discount the possibility that counsel was, in good faith, complying with the plain language of the Local Rules.  However, regardless of counsel's intent, the omission of the statements left the Court without the information necessary to fairly determine the validity of the Motion.  As such, the Court found it necessary to strike the pleading and finds it necessary to deny SeaRiver's Motion for Reconsideration.  Moreover, even if the Court granted the Motion for Reconsideration, the Motion for a New Trial would, as is explained below, be denied.

3

*C.  Motion for a New Trial*[4]

After filing its Motion for Reconsideration, SeaRiver filed a second Motion for a New Trial. The second Motion for a New Trial is untimely because it was filed more than ten days after judgment. *See* Fed. R. Civ. P. 59.  However, the Court will analyze SeaRiver's Motion to demonstrate that, even if it were timely, it would not be approved.

SeaRiver claims that the Court's judgment was clearly erroneous and requests a new trial under Federal Rule of Civil Procedure 59.  A Motion for a New Trial will not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).  The party seeking the new trial has the burden of showing harmful error. *See id.*  The determination as to whether a new trial is merited is left to the sound discretion of the trial court. *See id.*  Appellate review of the trial court's ruling is very limited. *See id.*  A trial court's denial of a Motion for a New Trial "will not be reversed absent a clear abuse of discretion." *Johnson v. Offshore Exp, Inc.* 845 F.2d 1347, 1357 (5th Cir. 1988).

In admiralty cases, questions of negligence and causation are treated as fact questions. *See id.* at 1352.  The Findings of Fact in such cases are "binding unless clearly erroneous." *Id.*  Furthermore, "[e]vidence of the 'slightest' negligence is sufficient to sustain a finding of Jones Act liability." *Id.* (citing *Theriot v. J. Ray McDermott & Co., Inc.*, 742 F.2d 877, 811 (5th Cir. 1984), and *Allen v. Seacoast Prods., Inc.*, 623 F.2d 355, 361 (5th Cir. 1980)).

---

[4] The Court notes that the Record in this case has already been sent to the Fifth Circuit due to SeaRiver's Notice of Appeal.  However, this Court may consider SeaRiver's Motion for a New Trial because SeaRiver filed its Notice of Appeal before the Court considered the Motion for a New Trial. *See* Fed. R. App. P. 4(a)(4).  SeaRiver's Notice of Appeal will not become effective until this Court disposes of its Motion for a New Trial. *See* Fed. R. App. P. 4(a)(4)(B)(i).  If SeaRiver wishes to appeal *this* Order, it must file an amended notice of appeal in compliance with Rule 3(c). *See* Fed. R. App. P. 4(a)(4)(B)(ii).

In the instant case, SeaRiver offers a spirited restatement of the arguments presented a trial. The Court has already considered the evidence and testimony presented at trial and offered its Findings of Facts and Conclusions of Law accordingly. SeaRiver simply restates the same arguments, and said arguments are no more persuasive now than they were at trial. SeaRiver offers no new information or substantive testimony. As such, SeaRiver's Motion for a New Trial is **DENIED**—both for being untimely and for lacking substance.

**IV. Conclusions**

For the reasons stated above, SeaRiver's Motion for Reconsideration, Motion for a New Trial, and  Motion for Relief from Clerical Mistake are **DENIED**. Each  Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 27th day of February, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge

5